# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br>  vs.<br><br>MARTIN CARRENO-JUAREZ,<br><br>                            Defendant. | CASE NO. 08cr2698 BTM<br><br>**ORDER DENYING MOTION TO DISMISS INDICTMENT DUE TO INVALID DEPORTATION** |

Defendant Martin Carreno-Juarez ("Defendant") has filed a motion to dismiss the Indictment due to an invalid deportation. For the reasons discussed below, Defendant's motion is **DENIED**.

## I. BACKGROUND

Defendant, a citizen of Mexico, moved to the United States as a teenager. Defendant has a United States citizen wife in addition to two United States citizen children.

In 2004, Defendant was convicted of Accessory to Murder (Cal. Penal Code § 32) and False Imprisonment (Cal. Penal Code § 236). He was sentenced to three years in custody for the accessory to murder conviction and eight months in custody for the false imprisonment conviction.

On November 2, 2005, Defendant was ordered deported to Mexico and was physically removed that same day.

On June 16, 2008, border patrol agents discovered Defendant attempting to hide in brush about 10 miles north of the border.

## II. DISCUSSION

Defendant seeks to invalidate his 2005 deportation pursuant to 8 U.S.C. § 1326(d). Defendant contends that the 2005 deportation was fundamentally unfair because the IJ erroneously informed him that he was ineligible for voluntary departure. Defendant also contends that his waiver of appeal was invalid due to the fact that the IJ misinformed him regarding his eligibility for voluntary departure. As discussed below, the Court denies Defendant's motion because the IJ in fact informed Defendant of the possibility of voluntary departure, Defendant was not eligible for voluntary departure in any case, and Defendant did not exhaust his administrative remedies.

A. <u>Law Governing 1326(d) Collateral Attack</u>

To sustain a collateral attack under 8 U.S.C. § 1326(d), a defendant must demonstrate that (1) he exhausted all administrative remedies available to him to appeal his removal order; (2) the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair. <u>United States v. Ubaldo-Figueroa</u>, 364 F.3d 1047, 1048 (9th Cir. 2004). An underlying deportation order is "fundamentally unfair" if (1) the defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects. <u>Id.</u>

An alien cannot collaterally attack an underlying deportation order if he validly waived the right to appeal that order. <u>United States v. Arrieta</u>, 224 F.3d 1076, 1079 (9th Cir. 2000). However, the exhaustion requirement of 8 U.S.C. 1326(d) "cannot bar collateral review of a deportation proceeding when the waiver of right to an administrative appeal did not comport with due process." <u>United States v. Muro-Inclan</u>, 249 F.3d 1180, 1183 (9th Cir. 2001). "[A] waiver is not considered and intelligent when the record contains an inference that the

petitioner is eligible for relief from deportation, but the Immigration Judge fails to advise the alien of this possibility and give him the opportunity to develop the issue." Id. at 1182 (internal quotation marks omitted).

B. Application of Law to Facts of This Case

    1. Alleged Failure to Advise Defendant of Possibility of Relief

Defendant argues that his due process rights were violated by the IJ's failure to advise him that he was eligible for voluntary departure. Where the record "fairly reviewed by an individual who is intimately familiar with the immigration laws . . . raises a reasonable possibility that the petitioner may be eligible for relief, the IJ must inform the alien of this possibility and give him the opportunity to develop the issue." United States v. Muro-Inclan, 249 F.3d 1180, 1183 (9th Cir. 2001) (quoting Moran-Enriquez v. INS, 884 F.2d 420, 423 (9th Cir. 1989)). An IJ's failure to so inform the alien constitutes a denial of due process that invalidates the underlying deportation proceeding. Id. at 1183-84.

Here, the IJ raised the possibility of relief in the form of voluntary departure and gave Defendant the opportunity to develop the issue. Although the IJ made it clear that in his opinion, the chances of Defendant being granted voluntary departure were "slim to none" because Defendant's accessory to murder conviction was *probably* an aggravated felony, the IJ explained: "But if you want the opportunity to make the claim, I'll give you that opportunity to present whatever evidence for me to consider." (Partial Transcript of Deportation Hearing (Def.'s Ex. 5) at 7:14-20.) Defendant responded that he was not seeking voluntary departure. (Id. at 7:19, 25.)

Subsequently, the IJ found that Defendant was removable as charged, and reiterated that the aggravated felony conviction *probably* was an aggravated felony barring voluntary departure. The IJ concluded the hearing by explaining to Defendant, "If you believe that the decision is wrong you do not have to accept it. You can ask a higher court to review it. It may be that with this conviction of accessory to murder you may be prohibited for your life

time from returning. Ah if . . . it is aggravated felony. Do you understand?" (Id. at 9:4-7.) Defendant said that he did understand and did not wish to appeal the decision to a higher court.

Based upon the transcript of the hearing, Defendant knew that he could raise a claim for voluntary departure and could appeal if the IJ ruled that he was ineligible for such relief. However, Defendant knowingly chose to forgo a voluntary departure claim. Therefore, there was no denial of due process. Furthermore, Defendant is barred from arguing that he was eligible for voluntary departure because he failed to exhaust his administrative remedies.

### 2. Prejudice

Even if the IJ did not sufficiently inform Defendant of his potential eligibility for voluntary departure, Defendant cannot establish prejudice.

To establish prejudice, Defendant "does not have to show that he actually would have been granted relief. Instead, he must only show that he had a 'plausible' ground for relief from deportation." United States v. Arrieta, 224 F.3d 1076, 1079 (9th Cir. 2000).

Defendant did not have a plausible ground for voluntary departure because aliens who have an aggravated-felony conviction are ineligible for a grant of voluntary departure. 8 U.S.C. § 1229c(a)(1). The IJ correctly concluded that Defendant's conviction for accessory to murder (Cal. Penal Code § 32) constitutes an aggravated-felony conviction.

The definition of "aggravated felony" includes "an offense relating to obstruction of justice, perjury or subornation of perjury, or bribery of a witness, for which the term of imprisonment is at least one year." 8 U.S.C. § 1101(a)(43)(S). In determining whether a specific crime of conviction is an obstruction-of-justice offense for purposes of § 1101(a)(43)(S), the Ninth Circuit relies on the BIA's definition. Renteria-Morales v. Mukasey, 551 F.3d 1076, 1086-87 (9th Cir. 2008).

In Matter of Espinoza-Gonzalez, 22 I. & N. Dec. 889 (BIA 1999), based upon its review of the crimes listed in chapter 73 of title 18 of the U.S. Code entitled "Obstruction of Justice," the BIA concluded that obstruction-of-justice crimes include (1) "either active

interference with proceedings of a tribunal or investigation, or action or threat of action against those who would cooperate in the process of justice," and (2) an intent element defined as a "specific intent to interfere with the process of justice." Id. at 893. See also Renteria-Morales, 551 F.3d at 1086 (summarizing the BIA's articulation of both an actus reus and mens rea element of the generic definition of obstruction-of-justice crimes). In Espinoza-Gonzalez, the BIA also reaffirmed its holding in In re Batista-Hernandez, 21 I. &. N. Dec. 955 (BIA 1997), that a conviction under 18 U.S.C. § 3 for being an accessory after the fact constitutes an obstruction-of-justice offense. Id. at 894-95.

18 U.S.C. § 3 provides: "Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact." The elements of 18 U.S.C. § 3 are substantially the same as the elements of California Penal Code § 32, which provides:

> Every person who, after a felony has been committed, harbors, conceals or aids a principal in such felony, with the intent that said principal may avoid or escape from arrest, trial, conviction or punishment, having knowledge that said principal has committed such felony or has been charged with such felony or convicted thereof, is an accessory to such felony.

Both 18 U.S.C. § 3 and Cal. Penal Code § 32 require that the defendant (1) have knowledge that the principal has committed an offense; and (2) take actions to assist the principal with the intent that the principal avoid arrest, trial, or punishment. Therefore, Defendant's conviction under Cal. Penal Code § 32 is an obstruction-of-justice crime within the meaning of 8 U.S.C. § 1101(a)(43)(S), and an aggravated felony.

Defendant relies on Salazar-Luviano v. Mukasey, 551 F.3d 857 (9th Cir. 2008), which interpreted Espinoza-Gonzalez as holding that "the question whether a specific offense of conviction counts as an aggravated felony under § 1101(a)(43)(S) depends exclusively on whether 'the elements of the offense . . . constitute the crime of obstruction of justice as that term is defined' in the federal criminal law, U.S. Code Title 18, Chapter 73 (18 U.S.C. §§

1501-1521)." Id. at 862.[1]  However, in Renteria-Morales, the Ninth Circuit held that the pertinent inquiry is whether there was an "active interference with proceedings of a tribunal or investigation, or action or threat of action against those who would cooperate in the process of justice," and whether there was "specific intent to interfere with the process of justice." Renteria-Morales, 551 F.3d at 1086-87. Renteria-Morales was filed on December 12, 2008. Salazar-Luviano was filed on December 23, 2008. Salazar-Luviano does not claim to narrow the holding of Renteria-Morales. Therefore, Renteria-Morales controls, and a conviction under Cal. Penal Code § 32 meets the definition of an obstruction-of-justice offense.

Because Defendant's Cal. Penal Code § 32 conviction constitutes an obstruction-of-justice offense under 8 U.S.C. § 1101(a)(43)(S), Defendant was not eligible for voluntary departure. Therefore, Defendant cannot show that he suffered prejudice as a result of any failure by the IJ to inform him of the potential for such relief.

### III.  CONCLUSION

For the reasons discussed above, Defendant's motion to the dismiss the indictment due to an invalid deportation is **DENIED**.

**IT IS SO ORDERED.**

DATED: March 9, 2009

Honorable Barry Ted Moskowitz
United States District Judge

---

[1] A conviction for accessory after the fact under 18 U.S.C. § 3 does not necessarily fall within the scope of any of the enumerated offenses set forth in 18 U.S.C. §§ 1501-1518, and may not be covered by § 1503, the "omnibus clause," which requires that the action taken by the accused be with intent to influence judicial or grand jury proceedings - "[I]t is not enough that there be an intent to influence some ancillary proceeding, such as an investigation independent of the court's or grand jury's authority . . . ." United States v. Aguilar, 515 U.S. 593, 598-99 (1995). However, as discussed above, the BIA specifically held that a conviction under 18 U.S.C. § 3 is an obstruction-of-justice offense within the meaning of 8 U.S.C. § 1101(a)(43)(S).